FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

FEB 18 2015

CHRISTOPHER A. PRINE
CLERK

ORIGINAL

# No. 01-14-00696-CV

## IN THE COURT OF APPEALS
## FOR THE FIRST DISTRIC OF TEXAS AT HOUSTON

_____ REBECCA HAAS
(PLAINTIFF)
-VS
ELLIOTT CIN
(DEFINDENT)

APPELLEE'S MOTION FOR REHEARING

OF THE COURTS 02/03/15 MOTION TO
DISMISS JUDGEMENT

ATTACHED IS A COPY OF MY BRIEF, THAT WAS SUPPOSE TO BE SENT ALONG WITH THE NOTICE OF APPEAL TO DISTRICT #113, CHRIS DANIELS, 1ST AND 14TH COURT OF APPEALS AS WELL AS THE OPPOSING PARTY IN OCTOBER 2014. VIA OVERNIGHT

1. INTRODUCTION

BY THIS MOTION FOR REHEARING BY APPELLEE AS THE COURT TO REVISIT ITS DECISION TO OVERTURN THE MOTION FOR DISMISSAL, DUE TO THE BRIEFING BEING SENT IN UNDERLYING "NOTICE OF APPEAL". I HAVE BEEN DOING DUE DILIGENCE, WITH A REQUEST TO THE COURT FOR HELP TO FIND AN APPELLANT INDIGENCE ATTORNEY. SO I ASK THE COURT TO RESPECTFULLY CONSIDER I HAVE BEEN DOING ALL OF THIS WORK ON MY OWN....PRO-SE.

ELLIOTT RECEIVED A CALL FROM STEVEN KING TELLING HIM TO TELL ME "TO STAY AWAY FROM THE WITNESSES HOUSE" AFTER TRIAL WAS OVER, "THAT I WAS UNDER SERVAILENCE". I THEN RECEIVED A LETTER IN THE MAIL THAT I NEEDED TO HIRE A CRIMINAL ATTORNEY FOR AN INDITMENT THAT THE DA (FAMILY TO LAST LAWYER BROUGHT IN) AND THE CORP BEING SUED FOR SLIP AND FALL REQUESTED A 2006 CHARGE ON ME TO GET PUSHED, WHEN THEY SAW I WASN'T GIVING UP ON FINDING OUT THE TRUTH.

A CHARGE THAT HAD BEEN DORMANT FOR 5 ½ YEARS. AS WELL AS ON MY BONDS PAPERS IN EXHIBITS, STATS THAT ON 09/06/06 THE CHARGES WOULD BE DROPPED. THE DA WOULD NOT BUDGE PAST 2 YEARS DEFFERED AND DURING THESE 2 YEARS I WAS BEING HARRASSED AND DIDN'T WANT TO GET REPRESENTATION UNTIL AFTER THE 1 YEAR OF BEING ON PROBATION (BECAUSE I DIDN'T HAVE THE MONEY OR THE ENERGY AFTER A 3 DAY TRAIL), MY UNDERSTANDING WAS THAT I COULD GET OFF IF I HAD EVERYTHING COMPLETED. FROM NOV.2011-NOV.2012 I HAD EVERYTHING COMPLETED AND WHEN I FINIALLY GOT BACK INFRONT OF THE JUDGE....THE DA OPPSED IT AND I HAD TO FINISH OUT THE 2 YEARS.

I WAS WORRIED ABOUT MOVING FORWARD BECAUSE THERE WAS EVIDENCE BEING CONCEALED, FALLOWED, ETC.

I HAD GOTTEN SICK AFTER SENDING IN THE APPEAL REQUEST AND HAVE DOCUMENTATION AS WELL AS OUR HORSE THAT HAD GOTTEN BIT BY SOME OF THE SAME TYPE OF INSECT. BOTH HER AND I ARE STILL RECOVERING. I HAVE VET BILLS AS WELL AS EMERGENCY VISITS WITH FALLOW UPS FOR MYSELF.

REHEARING IS IMPORTANT AND APPROPRIATE IN THIS HARD-FOUGHT LITIGATION (PRO-SE) BECAUSE THE COURT'S RULING MISAPPLIES WELL ESTABLISHED EVIDENCE OF TORT, BREACH OF FIDICIAL DUTY, AS WELL AS CIVIL RIGHTS TO MYSELF.

THERE HAS BEEN CRITICAL EVIDENCE SENT TO DISTRICT #113 THAT MAY HAVE BEEN DISREGARDED. THE COURTS DECISION HAS A POTIENTIALLY DISPOSITIVE EFFECT HERE. FOR THAT REASON I URGE THE PANEL TO CONSIDER THE FALLOWING ARGUMENT WITH CARE.

11. SUMMARY OF ARGUMENT

12. THIS IS NOT AN OPPURTUNITY TO REARGUE MY CASE# 2013-76341, OR RAISE ISSUES NOT PRIVIOSLY ADDRESSED BY THE PARTIES. BECAUSE THE OPPOSING SIDE STATED I WAS 5 DAYS PAST MY STATUE THAT'S WHAT I WILL ADDRESS. THERE IS EVIDENCE,......SHERIFF CERTIFIED DOCUMENTS AS WELL AS FIRST AND SECOND INTERVIEWS, FROM THE "STAR WHITNESS" IN EXHIBITES. I WOULD REALLY LIKE THE OPPORTUNITY TO ADDRESS THE JUSTICE SYSTEM ON THE DISCOVERY THAT IS CRUCIAL TO THE PRE-TRIAL PREPERATION THAT WAS SEND IN ON MY BEHALF (PRO-SE) TO DISTRICT #113 BEFORE APRIL 11TH 2014. I REQUESTED THE DISCOVERY RULE DUE TO THE FACT THAT ON MARCH 27TH 2014 I REQUESTED AN OPEN OFFENSE REQUEST FROM LEE CO.SHERIFF ON KEITH LENARD, THAT MY LAWYERS CALLED ME 3 DAYS BEFORE TRIAL AND SAID THEY HAD A STAR WHITNESS THAT SAW EVERYTHING FOR MY SLIP AND FALL ON 06/24/08. WHEN IT CAME DOWN TO CROSS EXAMINATION THE OPPOSING SIDE SAID THAT IT WAS IMPOSSIBLE FOR HIM TO HAVE SAW ME OR TO KNOW THE DETAILS OF MY FALL BECAUSE HE WAS INCARCERATED ON THE MORNING AND DIDN'T GET OUT UNTIL THE NEXT DAY.

13. ELLIOTT CIN BROUGHT IN A LAWYER 8 MONTHS BEFORE TRIAL THAT HE HAD GIVING FULL RAYNES TO THE TRIAL, AS WELL AS A MEDIATION THAT I WAS OFFERED $100,000 WITH WILL COATS OUT OF AUSTIN. THAT I WAS ADVISED AT THAT POINT THAT IF THEY COULDN'T COME BETTER THEN THAT THEN WE WILL SEE THEM AT COURT.

14. THEN AFTER THE LAST LAWYER THAT WAS BROUGHT IN, THEY SAID I NEEDED TO DO ANOTHER MEDIATION, AND TO NOT SAY ANTHING ABOUT THE FIRST ON IN AUSTIN. WITCH AT THIS POINT THE OFFER WAS OFF THE TABLE.

15. A FEW WEEKS BEFORE TRIAL ELLIOTT WAS DROPPING OFF A JUROR LIST, BUT I WAS OUT OF TOWN, SO HE FOUND A LOCAL ATTORNEYS OFFICE TO DROP IT OF TO, SO I COULD PICK UP. THIS LAWYER REQUESTED TO COME IN ON THE CASE TO "HELP GO THROUGH THE JUROR

LIST". ELLIOTT BROUGHT HIM IN ON THE CASE, AFTER REVIEWING MY RECORDS AND SEEING THAT AN X-EMPLOYEE THAT HAD MOVED TO NEW MEXICO, WROTE A DAMAGING STATEMENT TO ELLIOTT. THEN AFTER MOVING BACK AND GETTING REHIRED WITH MANAGEMENT POSITION, SHE RECANTED HER STATEMENT DURING DEPOSTION AND SAID I BRIBBED HER. THE LAWYER (STEVEN KING) BROUGHT IN 2 WEEKS BEFORE TRIAL, CALLED 3 DAYS BEFORE TRIAL AND SAID HE HAD A STAR WITNESS. OUT OF THE BLUE, THAT SHOULD HAVE RAISED SOME CONCERN WITH ELLIOTT AS TO HOW THIS GUY KNEW ABOUT THE TRAIL, WHERE HE CAME FROM, OR AT LEAST DID SOME TYPE OF VETTING.

16. IF THE 1ST AND 2ND INTERVIEWS WERE REQUESTED AND SEEN BY THE PANEL WOULD HAVE GIVEN A CLEAR VIEW TO KNOW THAT THERE WAS NO VETTING DONE WHAT SO EVER ON THIS SO CALLED STAR WITNESS BEFORE TRIAL.

17. PLEASE LOOK BACK AT SHERIFFS REPORT I REQUESTED DURING MY DUE DILIGENCE IN MARCH 2014, AS THE "STAR WITNESS" WAS BEING BOOKED FOR PURGURY HE TOLD THE SHERIFF THAT SERVED THE WARRANT THAT HE DID IT AS A FAVOR TO THE LAWYER, THEY MADE HIM REPEAT IT AGAIN TO THE JUGDE.

18. PER EXHIBIT ONE TOLLING AGREEMENT, THERE IS NO DATE SPECIFIED THAT STARTS THE 90 DAY AGREED UPON.

19. THERE ARE NO DATES NEXT TO MY SIGNATURE BECAUSE I MEARLY FAXED IT TO ANOTHER ATTORNEY, PER EXHIBIT #1 (NOT REPRESENTING ME) TO HELP GO OVER WITH ME BEFORE SIGNING, BUT COULDN'T GET INTO SEE HIM UNTIL Sept 21st 2013. DUE TO THE SLEET WE HAD AS WELL AS MY CHILDREN HAVING A SNOW DAY FROM SCHOOL. BEFORE IT WAS FAXED BACK TO ELLIOTT CIN, KEN BIGGIM WENT OVER WITH HIS COLLEAGES TO DISCUSS ANY ISSUES WITH THIS TOLLING AGREEMENT, THEN SPOKE WITH ELLIOTT ON THE PHONE THE NEXT WEEK BEFORE FAXING IT BACK TO ELLIOTT WITHOUT A DATE NEXT TO MY SIGNATURE ON THAT FALLOWING MONDAY. ELLIOTT DIDN'T HAVE A SIGNATURE NEXT TO HIS NAME, I WOULD RESPECTFULLY REQUEST THE PANEL TO GO BACK TO EXHIBIT #3 THE FINAL JUDGEMENT WAS NOT SIGNED BY JUDGE OVER THE REBECCA HAAS –VS- WALMART UNTIL SEPTEMBER 28TH OF 2011.

20. I WOULD LIKE TO POINT OUT THAT IN EXHIBIT #4 TITLED JURORY POLL, DATED NOVEMEBER 8, 2011. AS WELL AS EXHIBIT #10 AN EMAIL STILL WORKING ON CASE SEPTEMBER 11TH 2011. ALL WHICH TAKES PLACE AFTER TRIAL DATE ENDING ON SEPT.06TH 2011.

21. THIS MOTION FOR REHEARING IS NOT TO ARGUE OR DISAGREE WITH THE COURT'S ABILITY TO COME TO A FAIR AGREEMENT TO LET MY SIDE GET HEAR WITH ALL THE EVIDENCE THAT HAS BEEN PRESENTING IN THE CASE.

22. THE ERROR THAT OCCURRED WAS THAT BY ME FILLING THE COURT RECORDS FROM THE CHRIS DANIELS OFFICE AND WRITING THE NOTICE OF APPEAL WAS ALL THE APPEAL PROCESS SHOWED, AS WELL AS FORWARDING IT TO OPPOSING PARTY. I HAVE NOT RECEIVED ANY

**DOCUMENTS STATING THAT THERE WAS ANY OTHER DOCUMENTS OR BRIEFING NECCISSARY TO FURTHER THIS APPEAL PROCESS. CAL. R. CT. 8.500(C)(2).**

The decision is based upon an issue that was neither raised nor briefed by the parties. Cal. Govt. Code § 68081. Similarly, a petition for rehearing may be filed if the decision affirms a motion for summary judgment or adjudication on grounds different from the trial court if the parties had no opportunity to brief the alternative grounds. Cal. Civ. Proc. Code § 437c(m)(2).

As well as a petition for rehearing may be filed if a justice who was not present at oral argument is one of the three justices who ultimately participated in rendering the decision without the parties' consent.

The court lacks subject matter jurisdiction. Because the lack of jurisdiction may be raised at any time, a petition for rehearing may raise this issue for the first time.

If the court grants rehearing, the original decision is vacated and the matter is resubmitted to the court, which can consider all of the issues raised by the appeal and not merely those argued in the petition.

**THERE IS A DUTY OWED TO PLAINTIFF BY THE DEFENDANT, A BREACH OF THAT DUTY, THAT BREACH PROXIMATELY CAUSED ME INJURY AND THAT THE DAMAGES OCCURRED.. COSGROVE V. GRIMES, 774 S.W.2d at 665**

**My exhibits prove that an attorney-client relationship exhisted with the respects to the matter at issue. ELLIOTTS SENT ME STEAKS FOR CHRISTMAS AND HIS LAST CALL TO MY MOTHER, CHECKING ON ME AND HOW I WAS DOING WAS IN JULY 2014.**

**HE KNOWS THAT THERE WAS DEFFINATLY A LOT THAT WENT WRONG WITH THIS CASE AND THAT IS WHY THEY HIRED AN INVESTIGATOR AFTER TRAIL TO SEE IF ANY OF THE JURORS WORKDED FOR WAL-MART TO TRY AND GET A MISTRIAL THAT WAY WITHOUT OMISSION ON THEIR PART OF ALL THREE OF THE ATTORNEYS LACK OF PROFESSIONAL DUTIES.**

I REBECCA HAAS the plaintiff had the burden of proving the existence of any attorney-client relationship is commonly referred to as the "privity" requirement. That is based on an objective standard.

All of this is based on negligence, all three attorneys failed to comply with the applicable standard of care.

I RESPECTFULLY REQUEST THE COURT AND OR PANEL TO TAKE THIS ALL INTO CONSIDERATION.

RESPECTFULLY SUBMITTED

DATE 2-18-15

380 BIG BERRY RD.

SOMERVILLE, TX. 77879